1    Glenn R. Kantor - SBN 122643
     E-mail: gkantor@kantorlaw.net
2    KANTOR & KANTOR, LLP
     19839 Nordhoff Street
3    Northridge, CA 91324
     Telephone: (818) 886-2525
4    Facsimile: (818) 350-6272

5    Attorney for Plaintiff,
     ALEX GORIN and all others similarly
6    situated

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11    ALEX GORIN, and all others similarly    CASE NO.
12    situated,    **COMPLAINT FOR:**

13            Plaintiff,    **BREACH OF THE EMPLOYEE**
                                   **RETIREMENT INCOME**
14    vs.    **SECURITY ACT OF 1974;**
                                   **ENFORCEMENT AND**
15    HARTFORD LIFE INSURANCE    **CLARIFICATION OF RIGHTS;**
   COMPANY,    **PRE-JUDGMENT AND POST-**
16             Defendant.    **JUDGMENT INTEREST; AND**
                                   **ATTORNEYS' FEES AND COSTS**
17

18                                    **CLASS ACTION COMPLAINT**

19

20        Plaintiff, Alex Gorin, herein sets forth the allegations of his Complaint against

21    Defendant Hartford Life Insurance Company.

22                        **PRELIMINARY ALLEGATIONS**

23        1.      This is a class action pursuant to Federal Rules of Civil Procedure Rule

24    23 on behalf of Plaintiff and all individuals who were covered under any group life

25    insurance policy or plan issued by Defendant Hartford Life Insurance Company

26    ("Hartford") which contained a Waiver of Premium provision. This action covers all

27    class members only who were covered under policies or plans regulated by the

28    Employee Retirement Income Security Act of 1974 (hereinafter "ERISA").

1

**COMPLAINT**

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

2.    This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to payment of benefits, pre-judgment and post-judgment interest, and reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

3.    The life insurance benefits under Plaintiff's Plan are insured by a policy issued by Hartford. Plaintiff is informed and believes that Hartford is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.  The Hartford-issued policy is administered in this judicial district.  The Life Waiver of Premium ("LWOP") claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

4.    Plaintiff Alex Gorin resides or may be found in this judicial district, the Central District of California. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

5.    Plaintiff Alex Gorin was, at all times relevant, an employee of The Hearst Corporation ("Hearst").

6.    Plaintiff was, at all relevant times, a covered beneficiary under The Hearst Corporation group life insurance plan (Policy Number: GL-204200) (the "Life Plan"), an employee welfare benefit plan regulated by ERISA and issued to Hearst by Hartford, pursuant to which Plaintiff is entitled to life benefits.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

2

**COMPLAINT**

7.      Plaintiff is informed and believes that Hearst insured its Life Plan in whole or in part via the purchase of a Life Insurance policy through Hartford. Hartford is the insurer of all of the benefits under the Life Plan and acted in the capacity of a plan administrator. Hartford administered the claim with a conflict of interest and the bias this created affected the claims determination.

8.      Plaintiff is informed and believes that the Life Insurance policy was intended by Hearst and Hartford to insure citizens of the State of California, including Plaintiff Alex Gorin.

9.      Plaintiff is informed and believes that the Life Insurance policy was in effect after January 1, 2012. The Policy had a contract year from January 1, 2011 to January 1, 2012.

10.     The Policy was renewed after January 1, 2012.

11.     Plaintiff is informed and believes that the Policy had an anniversary date after January 1, 2012.

12.     At some or all relevant times, Defendant was a fiduciary of the group life insurance ("Life") plan within the meaning of ERISA §3(21), 29 U.S.C. §1001(21), in that Hartford acted as a claims fiduciary for the Life Plan, and exercised authority and control over the application of the Life Insurance Waiver of Premium ("LWOP") provision of the Life Plan. Hartford is also the "appropriate named fiduciary" of the long-term disability ("LTD") Plan as described in 29 C.F.R. §2560.503(h)(1).

13.     Plaintiff is informed and believes that the Life Plan is an employee welfare benefit plan regulated by ERISA, established by Hearst under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to waiver of premiums as a consequence of his disability ("Life Waiver of Premium Benefits"). Pursuant to the terms and conditions of the LTD and/or Life Plan, or both, Plaintiff is entitled to a waiver of the premiums for the group life insurance premiums for the duration of Plaintiff's disability, for so long as Plaintiff remains

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

3

**COMPLAINT**

1    disabled as required under the terms of the Life Plan. The Life Plan is doing

2    business in this judicial district, in that it covers employees residing in this judicial

3    district.

4    **PRELIMINARY FACTUAL ALLEGATIONS**

5         14.    At all times relevant, Plaintiff ALEX GORIN and the members of the

6    Plaintiff Class were covered under a life insurance policy or plan, insured and

7    administered by Hartford which provided life insurance benefits, and provided a

8    provision, commonly known as a Life Waiver of Premium ("LWOP") whereby

9    premiums for the life coverage would be waived during such period as the insured

10   was Totally Disabled and unable to work.

11        15.    Plaintiff and all members of the Plaintiff Class have performed all

12   obligations under said policies or plans on Plaintiffs' parts to be performed and have

13   complied with all requirements including appeal and/or grievance procedures that

14   are deemed mandatory under the policies or plans, or which were futile, as well as

15   providing all proper documentation regarding their claims.

16        16.    Plaintiff and the members of the Plaintiff Class became entitled to the

17   LWOP benefit under terms and conditions of their Life Plans during their

18   employment. Specifically, while Plaintiffs and the members of the Plaintiff Class

19   were covered under the Life Plan, Plaintiff and members of the Plaintiff Class

20   suffered a disability rendering them Totally Disabled as defined under the terms of

21   the Life Plans. Pursuant to the terms and conditions of the Life Plans, Plaintiff and

22   the members of the Plaintiff Class are entitled to waiver of the premiums necessary

23   to keep their life insurance coverage in force for the duration of their disability, for

24   so long as Plaintiff and the members of the Plaintiff Class remain totally disabled, as

25   required and defined under the terms of the Life Plan, and eligible for coverage

26   under the terms of the Life Plans.

27        17.    Plaintiff and the members of the Plaintiff Class had claims for LTD

28   benefits under their disability plans approved wherein Hartford acknowledged that

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

4

**COMPLAINT**

they were unemployable under the any occupation standard. However, Hartford denied their LWOP benefits asserting that their medical conditions did not support restrictions and limitations which would preclude them from performing any occupation.

18.     Plaintiff and the members of the Plaintiff Class appealed their denials and their appeals were upheld, despite overwhelming evidence of a covered LWOP claim. As a consequence of the LWOP determinations, Hartford wrongfully terminated Plaintiff and the members of the Plaintiff Class' Life Premium Benefits under the Life Plan.

19.     During the course of Mr. Gorin's employment, Mr. Gorin became entitled to benefits under the terms and conditions of his LTD and Life Plans. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD and Life Plans.

20.     In 2017, Mr. Gorin ceased working due to the restrictions and limitations stemming from, among other conditions, degenerative disc disease. Pursuant to the terms of the LTD and Life Plans, Mr. Gorin made a claim to Hartford for LTD and LWOP benefits under the LTD and Life Plans. He was insured for both LTD benefits and Life Benefits under Hartford policy number GLT204899, and he was assigned Insured ID Number 9003863737 for both his LTD claim and for his claim for Life Waiver of Premium benefits.

21.     Mr. Gorin's claim for LTD benefits under the disability plan was approved, wherein Hartford acknowledged that he was unemployable under the any occupation standard. However, based on the identical information, Hartford denied his LWOP benefits asserting that his medical condition did not support restrictions and limitations which would preclude his from performing any occupation.

22.     Mr. Gorin appealed the denial, and the appeal was upheld on March 2, 2018, despite overwhelming evidence of a covered LWOP claim. As a consequence

**COMPLAINT**

of the LWOP determination, Hartford wrongfully terminated Plaintiff's Life Premium Benefits under the Life Plan. The denial letter stated in pertinent part:

Below are guidelines that were relied upon in making this determination.

Not Disabled Standard:

On an ongoing basis, the Analyst should determine if the claimant meets the definition of disabled by reviewing the:

- Premium Waiver definition of Disabled in the Life policy; and
- Medical information contained in the claim file to identify and confirm specific restrictions and limitations are consistent with the disabling medical condition(s)

The Analyst should recommend a claim be denied or terminated when the:
- Analysis of all the medical and vocational, if applicable, information indicates that the claimant no longer meets the policy definition of Disabled; or
- Claimant is working with or without pay; or
- Restrictions and limitations allow a claimant to perform a total of:
  Three (3) hours or more per day for a total of at least fifteen (15) hours per week of activities; or
  Fifteen (15) hours or more per week of activities.

(See Exhibit 1, the March 2, 2018, letter from Hartford denying the Life Waiver of Premium claim.)

23.    Defendant Hartford breached the Plans and violated ERISA in the following respects:

(a)    Failing to pay LWOP benefit payments to Plaintiff and similarly situated class members at a time when Hartford and the Life Plans knew, or should have known, that Plaintiff and the Plaintiff class members were entitled to those benefits under the terms of the Life Plans, as Plaintiff was totally disabled and unable to work and therefore entitled to benefits. Even though the Life Plans and Hartford had such knowledge, Hartford denied Plaintiff's LWOP benefits;

**COMPLAINT**

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(b)     Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Life Plan documents, in relation to the applicable facts and Life Plan provisions, for the denial of Plaintiff's claims for LWOP benefits;

(c)     Utilizing a definition of total disability not contained within the policy governing Plaintiff's right to a waiver of his life insurance benefits;

(d)     Utilizing a different definition of total disability for long term disability benefits and for the Life Waiver of Premium provisions.

24.     Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his waiver of life premium benefits under the Life Plans by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

25.     Following the denial of benefits under the Life Plans, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Life Plans.

26.     As a proximate result of the aforementioned wrongful conduct of the Life Plans and Hartford, and each of them, Plaintiff has damages for loss of life insurance coverage in a total sum to be shown at the time of trial. Some class members may have died, and been deprived of the life insurance benefits to which they were entitled as a result of Hartford's use of an improper definition of Total Disability to deny LWOP benefits.

27.     As a further direct and proximate result of this improper determination regarding Plaintiff's LWOP claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

28.     The wrongful conduct of the LTD and Life Plans and Hartford has

7

**COMPLAINT**

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1   created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce
2   his rights under the terms of the LTD and Life Plans and to clarify his right to future
3   benefits under the terms of the LTD and Life Plans.

## CLASS ACTION ALLEGATIONS

5   29.   Plaintiff and the Plaintiff Class repeat and re-allege each and every
6   allegation set forth in all of the foregoing paragraphs as is fully set forth herein.

7   30.   Hartford serves as the claims fiduciary for thousands, if not tens of
8   thousands of ERISA benefit plans that insure both Long Term Disability Benefits
9   and Life Insurance Benefits, and the Life Insurance Benefit Plans also include Life
10  Waiver of Premium Provisions. Hartford administers the Life Waiver of Premium
11  Provisions in the same wrongful manner as it administered Mr. Gorin's claim for
12  Life Waiver of Premium benefits. The policies and practices that Hartford followed
13  with respect to the claim filed by Mr. Gorin are the same as those that have been
14  applied by Hartford to other similarly situated insureds seeking Life Waiver of
15  Premium Benefits under their life plans.

16  31.   Plaintiff brings this action on behalf of himself and all others similarly
17  situated as a Class Action pursuant to Federal Rules of Civil Procedure Rule 23.
18  Plaintiff seeks to represent the class composed of and defined as follows:

19       All participants or beneficiaries in a life insurance plan governed by ERISA,
20       wherein Hartford provides Life Waiver of Premium Benefits, wherein
21       Hartford has approved Long Term Disability benefits for an insured, while
22       denying the same insured's claim for Life Waiver of Premium Benefits, on
23       the ground that the insured was not totally disabled under the terms of the
24       Life Waiver of Premium provision, under the applicable statute of limitations.

25

26  32.   Plaintiff and the members of the Plaintiff Class reserve the right under
27  Federal Rule of Civil Procedure Rule 23(c)(1)(C) to amend or modify the class to
28  include greater specificity, by further division into subclasses, or by limitation to

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

8

**COMPLAINT**

particular issues.

33.    This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

34.    The members of the Class can be objectively ascertained through the use of information contained in Hartford's files because Hartford knows who its insureds are, which plans they are insured by, what type of claims they have filed, and how those claims were adjudicated.

**Numerosity**

35.    The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of individuals covered under Hartford policies or plans who have been similarly affected.

**Commonality**

36.    There are questions of law and fact common to the proposed class that predominates over any questions affecting only the individual class members. These common questions of law and fact include, without limitation:

(a)    What legal duties does ERISA impose upon Hartford when it is serves as a claims fiduciary for Life Waiver of Premium Claims;

(b)    Does Hartford violate its fiduciary duties by applying a different definition of total disability to a Life Waiver of Premium Claim as compared to a claim for Long Term Disability Benefits;

(c)    Does Hartford violate its fiduciary duties by applying a definition of Total Disability for purposes of a claim for Life Waiver of Premium which is not contained in the insuring policy;

9

**COMPLAINT**

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(d)    What remedies are available if Hartford is found liable for the claims alleged.

**Typicality**

37.    The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Hartford's violation of federal law and federal code sections as alleged herein.

**Adequacy of Representation**

38.    Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represent Plaintiff are competent and experienced in litigating large and complex class actions.

39.    There are no conflicts between the interests of Plaintiffs and those of other members of the classes, and Plaintiffs are cognizant of their duties and responsibilities to the entire class. Plaintiffs' attorneys are qualified, experienced and able to conduct the proposed class action litigation.

**Superiority of Class Action**

40.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the proposed Plaintiff Class is not practicable, and questions of law and fact common to the proposed Plaintiff Class predominate over any questions affecting only individual members of the Plaintiff Class. Each member of the proposed Plaintiff Class has been damaged and is entitled to recovery by reason of Hartford's conduct in wrongfully denying or terminating LWOP Benefits.

41.    It is desirable to concentrate the litigation of these claims in this forum. The determination of the claims of all class members in a single forum, and in a single proceeding would be a fair and efficient means of resolving the issues in this litigation.

42.    Class action treatment will allow those similarly situated persons to

10

**COMPLAINT**

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1   litigate their claims in the manner that is most efficient and economical for the parties

2   and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be

3   encountered in the management of this action that would preclude its maintenance as

4   a class action. Any difficulties that may be encountered in the management of a class

5   action in this litigation are reasonably manageable, especially when weighed against

6   the virtual impossibility of affording adequate relief to the members of the class

7   through numerous separate actions.

8                                    **FIRST CAUSE OF ACTION**

9                     **FOR DENIAL OF PLAN BENEFITS UNDER ERISA**

10      **BROUGHT ON BEHALF OF PLAINTIFF AND THE PLAINTIFF CLASS**

11           43.    Plaintiff and the Plaintiff Class repeat and re-allege each and every

12   allegation set forth in all of the foregoing paragraphs as is fully set forth herein.

13           44.    Under ERISA, Hartford must comply with the terms and conditions of

14   its ERISA plans in making benefit determinations and processing claims on behalf of

15   its insureds. As set forth herein, Plaintiff Gorin is a participant in both a life insurance

16   plan with a Life Waiver of Premium provision, and a LTD Plan, both insured and

17   administered by Hartford.

18           45.    The Life and the LTD plans provide definitions of Total Disability;

19   however, Hartford has either chosen to apply the definition of Total Disability in the

20   Life Plan as it pertains to the Life Waiver of Premium provision in an unreasonable

21   manner, or has chosen to apply a definition of Total Disability which is not contained

22   within either the life plan or the LTD plan.

23           46.    Defendant wrongfully denied Plaintiff and the Plaintiff Class' claims for

24   Life Premium Benefits in the following respects, among others:

25

26           (a)    Failure to approve claims for LWOP benefits for Plaintiff and the

27   Plaintiff Class at a time when Hartford and Life Plans knew, or should have

28   known, that Plaintiff and the Plaintiff Class were entitled to those benefits

**COMPLAINT**

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

under the terms of the Life Plans, as Plaintiff and the members of the Plaintiff Class were acknowledged by Hartford to be totally disabled and unable to work and therefore entitled to benefits. Even though the Life Plans and Hartford had such knowledge, Hartford denied Plaintiff's LWOP benefits;

(b)    Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the Life Plan documents, in relation to the applicable facts and Life Plan provisions, for the denial of Plaintiff and members of the Plaintiff Class' claims for LWOP benefits;

(c)    After Plaintiff and members of the Plaintiff Class' claims were denied in whole or in part, failure to adequately describe to Plaintiff and the Plaintiff Class any additional material or information necessary for Plaintiff and the Plaintiff Class to perfect their claims along with an explanation of why such material is or was necessary;

(d)    Utilizing a definition of total disability not contained within the policy governing Plaintiff and members of the Plaintiff Class' right to waivers of their life insurance benefits;

(e)    Failure to properly and adequately investigate the merits of Plaintiff and members of the Plaintiff Class' disability claims;

(f)    Failure to provide a full and fair review of Plaintiff and the Plaintiff Class' claims.

47.    Plaintiff and the Plaintiff Class are informed and believe and thereon allege that Hartford wrongfully denied the claims for LWOP benefits by other acts or omissions of which Plaintiff and the Plaintiff Class is presently unaware, but which may be discovered in this litigation and which Plaintiff and the Plaintiff Class will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff and the Plaintiff Class.

48.    Hartford's conduct as set forth above violated its duties to the Plaintiff and the Plaintiff Class.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

12

**COMPLAINT**

49.     Plaintiff and the Plaintiff Class are entitled to recover benefits due them resulting from Hartford's use of an improper definition of Total Disability as it applies to Life Waiver of Premium provisions.

50.     As a proximate result of the denial of Life Waiver of Premium Benefits, Plaintiff and the Plaintiff Class have been damaged in the amount of their group life insurance coverage, in a total sum to be proven at the time of trial.

51.     As a further direct and proximate result of these improper determinations regarding Plaintiff's Life Waiver of Premium benefit, Plaintiff and the Plaintiff Class in pursuing this action have been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff and the Plaintiff Class are entitled to have such fees and costs paid by Defendant.

52.     Due to the wrongful conduct of the Defendant, Plaintiff and the Plaintiff Class are entitled to enforce their rights under the terms of Defendant's applicable plans or policies and to clarify their rights to future benefits under the terms of those applicable plans or policies.

## SECOND CAUSE OF ACTION

## CLAIM FOR EQUITABLE RELIEF

## BROUGHT ON BEHALF OF PLAINTIFF AND THE PLAINTIFF CLASS

53.     Plaintiff and the Plaintiff Class repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as is fully set forth herein.

54.     This Claim for Relief is brought pursuant to 29 U.S.C. § 1132(a)(3)(A) only to the extent that the Court finds that the injunctive relief sought to remedy the First Claim for Relief is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).

55.     Plaintiff and the Plaintiff Class have been harmed, and are likely to be harmed in the future, by Hartford's breaches of fiduciary duty described above.

56.     In order to remedy these harms, Plaintiff and the members of the Plaintiff Class are entitled to enjoin these acts and practices pursuant to 29 U.S.C. § 1132(a)(3)(A).

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

13

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**CLAIM FOR OTHER APPROPRIATE EQUITABLE RELIEF**

**BROUGHT ON BEHALF OF PLAINTIFF AND THE PLAINTIFF CLASS**

57.     Plaintiff and the Plaintiff Class repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as is fully set forth herein.

58.     This Claim for Relief is brought pursuant to 29 U.S.C. § 1132(a)(3)(B) only to the extent that the Court finds that the equitable relief sought to remedy the First Claim for Relief is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).

59.     Plaintiff and the Plaintiff Class have been harmed, and are likely to be harmed in the future, by Hartford's breaches of fiduciary duty described above.

60.     In order to remedy these harms, Plaintiff and the Plaintiff Class are entitled to appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3)(B).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff and the Plaintiff Class demand judgment in their favor against Defendant as follows:

1.     Certifying the Class and their claims, as set forth in this Complaint, for class treatment;

2.     Appointing the Plaintiff as Class Representative for the Class;

3.     Designating Kantor & Kantor, LLP as counsel for the Class;

4.     Declaring that Hartford's use of a definition of total disability for life waiver of premium claims which is different than its definition for LTD claims is improper;

5.     Declaring that Hartford's use of a definition of total disability for Life Waiver of Premium claims which is not contained within the insuring life policies is improper;

6.     Issuing a permanent injunction ordering Hartford to provide Life Waiver of Premium Benefits to all of its insureds who are receiving LTD Benefits from Hartford, and who have coverage for Life Waiver of Premiums under a Hartford Life

14

**COMPLAINT**

Plan;

7.    Issuing a permanent injunction ordering Hartford to stop utilizing different definitions of Total Disability for LTD Benefits and Life Waiver of Premium Benefits;

8.    Issuing a permanent injunction ordering Hartford to stop utilizing definitions of Total Disability for Life Waiver of Premium Benefits which are not contained within the insuring policy;

9.    Ordering Hartford to pay all life claims which would have been payable but for Hartford's improper definition of Total Disability as applied to Life Waiver of Premium provisions;

10.    Awarding Plaintiffs disbursements and expenses for this action, including reasonable attorneys' fees, in amounts to be determined by the Court, pursuant to 29 U.S.C. §1132(g); and

11.    Granting such other and further relief as is just and proper.


DATED:  May 3, 2018                    KANTOR & KANTOR LLP


                                       By: /s/ Glenn R. Kantor
                                           Glenn R. Kantor
                                           Attorneys for Plaintiff,
                                           ALEX GORIN and all others similarly
                                           situated

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**COMPLAINT**

# EXHIBIT 1



RECEIVED
MAR 1 2 2018
BY:_____

THE HARTFORD

000741  2/8

March 2, 2018

Alex J. Gorin
c/o Beth Davis Perez, Esq
Kantor And Kantor
19839 Nordhoff Street
Northridge, CA 91324

Policyholder:  The Hearst Corporation
Policy No.:    GL-204200
Insured:       Alex J. Gorin
Insured ID:    9003863737
RE:            Group Life Waiver of Premium



Dear Alex Gorin:

We are writing to you regarding your Group Life Waiver of Premium claim. This letter does not apply to any other coverage you may have through The Hartford. This Policy funds The Hearst Corporation Group Life Insurance Employee Benefit Plan, under Hartford Life and Accident Insurance Company Policy GL-204200.

We have received the updated Medical Records from Dr. Nusinovich, through 2/21/2018 with a Functional Evaluation report completed on 2/15/2017 that you submitted in connection with your claim for Waiver of Premium benefits. Based upon our review of that information, and the information previously received, it is still our determination that you are not eligible for Life Premium Waiver Benefits under the under the above Group Life Insurance Policy ("Policy").

Please refer to our letter of 8/17/2017 (copy attached), which listed the policy provisions that apply to this matter. That letter also listed the evidence contained in your claim file. We have again reviewed those items, along with Dr. Nusinovich's records.

The evidence that has been submitted in support of your Premium Waiver claim does not establish that you satisfied the definition of Disabled, as defined by the Life Policy, and outlined in the enclosed letter dated 8/17/2017. Therefore, you remain ineligible for Life Premium Waiver Benefits under the under the above Group Life Insurance Policy ("Policy"). This decision was reviewed by a Premium Waiver Team Leader in our office.

Below are guidelines that were relied upon in making this determination.

**Not Disabled Standard:**
On an ongoing basis, the Analyst should determine if the claimant meets the definition of disabled by reviewing the:

- Premium Waiver definition of Disabled in the Life policy; and

Group Benefit Claims
Minneapolis Disability Claim Office
The Hartford
P.O. Box 14296
Lexington, KY 40512-4296
(800) 752-9713
Fax (877) 467-3037

Claim ID: 14021684

- Medical information contained in the claim file to identify and confirm specific restrictions and limitations are consistent with the disabling medical condition(s)

The Analyst should recommend a claim be denied or terminated when the:

- Analysis of all the medical and vocational, if applicable, information indicates that the claimant no longer meets the policy definition of Disabled; or
- Claimant is working with or without pay; or
- Restrictions and limitations allow a claimant to perform a total of:
  o Three (3) hours or more per day for a total of at least fifteen (15) hours per week of activities; or
  o Fifteen (15) hours or more per week of activities.

All claims and appeals for benefits are to be adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision.

The role of the Analysts, Team Leaders, and Appeals Specialists is to undertake fair and accurate claims assessments with the goal of approving all valid claims. Financial self-interest, either the company's or that of the Claims or Appeals staff, must not influence individual claim management.

In terminating this claim, we reserve all rights and defenses available to us under the terms of Policy GL-204200.

The Employee Retirement Income Security Act of 1974 (ERISA) gives you the right to appeal our decision and receive a full and fair review. You may appeal our decision even if you do not have new information to send to us. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days of receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. Please include your printed or typed full name, Policyholder, and at least the last four digits of your Social Security Number with your appeal letter (i.e. xxx-xx-1234). Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim.

Once we receive your appeal, we will again review your entire claim, including any information previously submitted and any additional information received with your appeal. Upon completion of this review, we will advise you of our determination. Should the claim decision be upheld on appeal, you will then have the right to bring a civil action under Section 502(a) of ERISA, and the appeal decision will include notification of the date on which your right to bring a civil action expires under the Policy.

Please send your appeal letter to:

The Hartford
P.O. Box 14087
Lexington, KY 40512-4087

*With respect to this policy, any term that provides Hartford with discretion regarding its authority to determine benefit eligibility or interpret plan terms is no longer in effect.*

The Hartford has policies and procedures in place to insulate the claims and appeals processes from any financial interest. Claims and appeals administrators are segregated from the financial department and do not have access to its financial information. The compensation of claims and appeals adjudicators has no relation to denial or termination rates, and The Hartford contracts with third-party vendors to engage experts to perform peer reviews of medical evidence and independent medical examinations rather than utilizing The Hartford employees in this capacity.

Si necesita ayuda con esta carta en español, póngase en contacto conmigo en (800) 752-9713.

如果您阅读本信函需要中文普通话协助，请联系我，电话为 (800) 752-9713。

若您閱讀此信件時需要廣東話協助，請撥打 (800) 752-9713 聯絡我。

Kung kailangan mo ng tulong sa sulat na ito sa Tagalog, paki contact mo ako sa (800) 752-9713.

Díí ak'iashchíníí doo nił beehózingoo nika'adeeswoł. Shí nabo éí (800) 752-9713. Shich'į' hwidííl'ní.

If you have any questions, please feel free to contact our office at (800) 752-9713 x2309164. As I am the Analyst handling your claim and can best answer your questions, please feel free to directly contact me regarding your claim. Our office hours are 8:00 AM – 4:00 PM EST, Monday through Friday. My normal work hours are 7:00AM – 3:30 PM EST, Monday through Friday. Thank you for trusting The Hartford.

Sincerely,

*Chris Stewart*

Chris Stewart, Claim Analyst
Hartford Life Insurance Co.

Enclosure

Letter

Group Benefit Claims
Minneapolis Disability Claim Office
The Hartford
P.O. Box 14296
Lexington, KY 40512-4296
(800) 752-9713
Fax (877) 467-3037

not waive premiums for the first 9 month(s) You are Disabled. We have the right to:
1) require Proof of Loss that You are Disabled; and
2) have You examined at reasonable intervals during the first 2 years after receiving initial Proof of Loss, but not more than once a year after that.
If You fail to submit any required Proof of Loss or refuse to be examined as required by Us, then Waiver of Premium ceases."

"When the Waiver of Premium ceases:
1) if You return to work in an Eligible Class, as an Active Employee, then You may again be eligible for coverage for Yourself and Your Dependents as long as premiums are paid when due; or
2) if You do not return to work in an Eligible Class, coverage will end and You may exercise the Conversion Right for You and Your Dependents if You do so within the time limits described in such provision. The Amount of Life Insurance that may be converted will be subject to the terms and conditions of the Conversion Right. Portability will not be available."

The Benefits section, on page 19, states in part:

"If Life Insurance coverage or any portion of it under The Policy ends for any reason, except non payment of premium, You and Your Dependents have the right to convert the coverage that terminated to an individual conversion policy without providing Evidence of Insurability. Such reasons for the Life Insurance coverage ending include, but are not limited to termination of employment, termination of The Policy or change in classes eligible for insurance. Conversion is not available for any Amount of Life Insurance for which You or Your Dependents were not eligible and covered under The Policy."

"You or Your Dependent will be given notice of the conversion privilege within 15 days before or after the terminating event which results in the conversion option. If such notice is not given, You or Your Dependent will have an additional period in which to exercise conversion rights. If notice is given more than 15 days but fewer than 90 days after the terminating event, this additional period will end 45 days following the date You or Your Dependent are given notice of the right to convert. Written notice of conversion rights will be presented to You or Your Dependent or mailed by the Employer or Us to the last known address.

If notice is not given within 90 days after the terminating event, the conversion election period will terminate at the end of 90 days."

We based our decision to terminate your Waiver of Premium claim on Policy language. We reviewed the documents and information contained in your Waiver of Premium and Long-Term Disability (LTD) claim files and relied upon the following documents in reaching this claim determination which applies only to the Waiver of Premium benefit:

- Employer and Employee Application for Long Term Disability Income Benefits received on 11/17/2011;

Claim ID: 14021684

000741  5/6

- Attending Physician's Statement received on 11/17/2011, signed by Dr. Sherman on 11/02/2011;
- Attending Physician's Statement received on 10/19/2015, signed by Dr. Nusinovich on 10/12/2015;
- Office notes and medical reports from Dr. Sherman from 12/21/2010 through 10/28/2016;
- Office notes and medical reports from Dr. Nusinovich from 02/07/2013 through 01/03/2017;
- Surveillance report and video surveillance conducted on 08/06/2016, 08/07/2016, 08/16/2016, 09/23/2016, 09/26/2016, 10/28/2016, 11/10/2016, 11/11/2016, 11/18/2016, and 11/19/2016;
- Independent Medical Exam performed on 06/26/2017 by Dr. Sri Mummaneni, Board Certified in Occupational Medicine;
- Medical Consultant Review performed on 08/02/2017 by Dr. Roy Sanders, Board Certified in Psychiatry;
- Medical review of your claim file by a Clinical Case Manager on 08/14/2017;

The office notes from Dr. Sherman document continued complaints of depression and anxiety, indicating that he sees you every 6 weeks.

Dr. Nusinovich completed an Attending Physician Statement on 03/13/2017. He noted your disagnoses to be Degenerative Disc Disease, Depression with anxiety, Neurofibroma and Lumbar disc herniation. He noted you complain of back and muscle pain, pain with movement and walking. You further noted that pain limits active motion. He also noted you complain of insomnia, depression, anxiousness and stressing. His exam findings noted you were limping, have limited range of motion, muscle weakness, chest pain and shortness of breath. His treatment plan was to continue your current medication management and for you to follow-up with your psychiatrist.

Dr. Nusinovich  provided the following restrictions of intermittently sitting for 3 hours at a time, intermittently stand for 3 hours at a time and intermittently walk for 3 hours at a time. He noted you could frequently bend at the waist and balance, occasionally kneel and no climbing or driving. He further noted you could occasionally finger, handle, reach above shoulder level and at waist level.

As part of our claims management and to document your current level of functionality, surveillance was conducted on 08/06/2016, 08/07/2016, 08/16/2016, 08/20/2016, 08/23/2016, 08/27/2016, 08/30/2016,  09/23/2016, 09/26/2016, 10/28/2016, 11/10/2016, 11/11/2016, 11/18/2016, and 11/19/2016. On 08/06/2016 and 08/07/2016 you were not observed at your residence. On 08/16/2016 and 08/20/2016 you were not observed at your residence. On 08/23/2016, 08/27/2016 and 08/30/2016 you were not observed at your residence.

Surveillance was again conducted on 09/23/2016 and 09/26/2016 you were not observed at your residence. On 10/28/2016 you were briefly seen walking. You were not observed on 11/10/2016, 11/11/2016 or 11/18/2016. On 11/19/2016 you were seen standing, walking, bending at the waist and entering and exiting your vehicle. You were seen driving your vehicle, mounting and riding a bicycle along the Pacific Coast Highway. You were later seen changing your shirt and putting a hat on. You were seen shopping briefly at the Vons Supermarket pushing a cart then carrying a bag to your car. You were seen sitting in your car and conversing on a cell phone and bending at the waist.

Claim ID: 1421664

On 12/12/2016 and 12/13/2016 we attempted to contact you to schedule an In-person interview with you. You did not return our calls.

For further claim management, your file was reviewed by our Medical Case Manager to clarify your current level of functionality. The Medical Case Manager review indicated that based on all of the information provided for review, it does not appear that you are precluded from performing full-time sedentary activities without any restrictions.

On 03/29/2017 a copy of the video surveillance was sent to Dr. Nusinovich and Dr. Sherman for comment. Dr. Nusinovich did not respond. Dr. Sherman responded that most of your disability is due to psychiatric condition and not physical. He further stated the surveillance did not change his opinion.

We then scheduled you for an Independent Medical Exam (IME) on 06/26/2017 with Dr. Dr. Sriram Mummaneni. Dr. Mummaneni's exam noted you are capable of sitting for 30 minutes at a time with a 5 minute break for a total of 8 hours per day; stand for 30 minutes at a time with a 5 minute break for a total of 8 hours per day and walk 30 minutes at a time with a 5 minute break for a total of 8 hours per day. He further clarified that you did not need to stop working during the 5 minute break, just be allowed to change positions as needed. He noted you could frequently lift up to 15 pounds and occasionally 20 pounds. He noted there were no restrictions on your ability to finger, handle, reach above shoulder level or at waist level. He did advise that you should avoid driving for extended periods of time due to your difficulty with concentration. You should also avoid bending, squatting, kneeling or running.

The IME results were sent to Dr. Nusinovich on 07/11/2017. To date he has not responded to us regarding the report

To further clarify your current functional abilities from a Mental Health perspective we sent your file for a Medical Consultant Review with Dr. Roy Sanders. On 07/24/2017 Dr. Sanders attempted to speak with Dr. Sherman and left a message for a call back. He left another message for Dr. Sherman on 07/25/2017 and again on 07/26/2017. On the afternoon of 07/26/2017 Dr. Sherman called Dr. Sanders and advised him the Release of Information we supplied was not sufficient as the reviewer's name was not on the release. No further contact was attempted.

Dr. Sanders noted the medical documentation does not support severity that would limit work activity.


Based on the terms of the Policy coverage may be continued under the Waiver of Premium provision, if you are prevented by injury or sickness from doing any work  for which You are, or could become, qualified by, education, training, or experience.  Documentation in your file reflects that you have the ability to perform full-time sedentary (mostly seated) work.

Since we have not found evidence that documents your continued disability, you are no longer eligible for Waiver of Premium.

Under the Policy you have 31 days from the date of this letter or 15 days from the date you receive the Life Insurance Conversion quote letter from our Conversion Unit, whichever is later, to complete and submit an Application for Conversion from Group Insurance, with the required premium payment(s), in order to convert your employer-sponsored Group Life Insurance, in the amount of $174,000.00, to an Individual Life Insurance policy. However, we will not accept applications for Conversion if they are received more than 91 days after Group Life Insurance terminates.

In the event of your death, you will not be eligible for Life Insurance Benefits, if you do not exercise your Conversion Privilege, within the times indicated. Please contact our Conversion Unit at (877)320-0484 for any questions regarding the Conversion application process.

In terminating this claim, We reserve all rights and defenses available to us under the terms of Policy 0GL204200.

If you have any additional information, not previously submitted, which you believe will assist us in evaluating your claim for Waiver of Premium benefits, please forward that to us for our consideration within one hundred eighty (180) days from the date of your receipt of this letter. Our Company will review any additional information you submit, along with the previously submitted information and notify you of the results of our review.

If you do not have additional information, but you disagree with our denial decision, the Employee Retirement Income Security Act of 1974 (ERISA) gives you with the right to appeal our decision and receive a full and fair review. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from the receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. Please include your printed or typed full name, Policyholder, and at least the last four digits of your Social Security Number with your appeal letter (i.e.xxx-xx-1234). Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim. Once we receive your appeal, we will again review your entire claim, including any information previously submitted and any additional information received with your appeal. Upon completion of this review we will advise you of our further determination. After your appeal, and if we again deny your claim, you have the right to bring a civil action under Section 502(a) of ERISA.

Under the Policy, legal action cannot be taken against us more than 3 years after the date Proof of Loss is required to be given according to the terms of the Policy. Please consult the Policy's Legal Actions and Sending Proof of Loss provisions for additional information.

Please send your appeal letter to:

> Claim Appeal Unit
> Hartford Life Insurance Company
> P.O. Box 14087
> Lexington, KY 40512-4087

If you have any questions, please call Customer Service at (800) 743-4996. Our hours are Monday through Friday, between 8:00 AM - 6:00 PM ET.

Sincerely,

*Tammi B. Fountain*

Tammi B. Fountain, Senior Ability Specialist
Hartford Life Insurance Co.

Group Benefit Claims
Simsbury Disability Claim Office
The Hartford
P.O. Box 14296
Lexington, KY 40512-4296
(800) 743-4996
Fax (877) 467-3037